

**FILED**
**May 26, 2020**
**10:33 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **KENNETH THOMAS,** | ) | **Docket No.: 2017-08-1057** |
| **Employee,** | ) | |
| **v.** | ) | |
| **THOMPSON INDUSTRIAL SERVS.,** | ) | **State File No.: 15343-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **ZURICH AMERICAL INS. CO.,** | ) | **Judge: Deana Seymour** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

Kenneth Thomas sustained a compensable left-shoulder injury and underwent surgery. His authorized treating physician recommended additional surgery, but Thompson Industrial Services refused to authorize it, arguing the need for the second surgery was not related to the initial work injury. The Court held an Expedited Hearing on May 6, 2020, to determine whether Mr. Thomas is likely to prove at trial that Thompson must authorize the surgery and pay ongoing temporary disability benefits. The Court concludes that Thompson must authorize a portion of the surgery but does not have to pay ongoing temporary disability benefits.

### History of Claim

Mr. Thomas works for Thompson as a machine operator. On February 28, 2017, he injured his left shoulder at work when a heavy hose fell on him.

Mr. Thomas received authorized treatment from Dr. Jay Saenz, who diagnosed a rotator cuff tear and performed surgery in June 2017. Dr. Saenz placed Mr. Thomas at maximum medical improvement on January 23, 2018.

Mr. Thomas returned to Dr. Saenz on February 6, 2019, with continued left-shoulder pain. Dr. Saenz ordered an MRI, which showed tendinosis in the biceps tendon

and AC joint arthritis. He recommended another surgery and took Mr. Thomas off work for an undetermined period before returning him to light duty.[1]

In light of Dr. Saenz recommendations, Thompson sent him a letter asking if Mr. Thomas's employment contributed more than fifty percent to his need for the second surgery. In response, Dr. Saenz referred to his deposition testimony, in which he recommended surgery to address Mr. Thomas's degenerative biceps tendon and that his rotator cuff needed no further treatment. Based on this statement, Thompson refused to authorize surgery because the degenerative changes did not flow from the original injury.

In response to the refusal, Mr. Thomas sent Dr. Saenz a letter asking him to elaborate on his causation opinion. Dr. Saenz responded, "I believe that it is more likely than not, considering all causes, that while the acromioclavicular joint arthritis and biceps tendon pathology were a pre-existing condition, they were objectively worsened and aggravated by the injury he sustained at work." The parties then decided to depose Dr. Saenz a second time.

During his second deposition, Dr. Saenz testified that the tendinosis in Mr. Thomas's biceps tendon did not flow from his original injury. He based his opinion on his observations during the June 2017 surgery.[2] According to Dr. Saenz, the biceps tendon appeared normal at that time. He also noted that tendinosis was usually caused by age-related degenerative changes.

Regarding Mr. Thomas's AC joint arthritis, Dr. Saenz initially testified that the recommended revision surgery did not flow from the original injury because the distal clavicle excision performed in 2017 was incidental to the rotator cuff repair. However, on cross examination, he testified that the work injury more likely than not exacerbated the AC joint arthritis and that workers' compensation should pay for the revision.

He went on to state that he did not consider either the tendinosis procedure or the revision procedure to be greater than the other in creating the need for surgery. Instead, he testified that the two procedures were "equal" in necessitating surgery and stated, "in the absence of – there are two issues and in the absence of either one I would still – if his biceps tendon was normal, I would still think about going in and looking at his AC joint and vice versa."

Dr. Saenz acknowledged taking Mr. Thomas off work on February 6, 2019, but he testified that there was no way to know if Mr. Thomas's MMI date would change with

---

[1] In his August 13, 2019 note, Dr. Saenz stated, "[Mr. Thomas] will remain on light duty work. I recommend no commercial driving and a 10-pound lifting restriction with no above the shoulder work." The record does not contain evidence as to when he first returned Mr. Thomas to light duty work.

[2] Notably, Dr. Saenz mentioned an April 2017 MRI that showed biceps tendinosis.

surgery. On cross, however, he confirmed that his October 16, 2019 office note mentioned that Mr. Thomas was not at MMI because he needed additional surgery.

## Findings of Fact and Conclusions of Law

At an Expedited Hearing, Mr. Thomas must provide sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prevail on his request for medical treatment, Mr. Thomas must prove that his condition "arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A) (2019). An injury "arises primarily out of and in the course and scope of employment" only if it has been shown that "the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). Further, an aggravation of a pre-existing condition shall not be considered an injury unless "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A). Medical evidence is generally required to establish a causal relationship. *Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10-12 (May 18, 2017).

Dr. Saenz provided the only medical testimony. During his deposition, Dr. Saenz concluded Mr. Thomas's biceps tendinosis did not flow from his original injury, considering the tendon's normal appearance at the time of his June 2017 surgery. Therefore, Thompson is not required to authorize the biceps tendon surgery.

Rather, Dr. Saenz testified that Mr. Thomas's work injury more likely than not exacerbated the AC joint arthritis. He further testified that the revision was "equal" to the biceps tendon procedure in necessitating the second surgery. Based on Dr. Saenz's testimony, the Court holds that Mr. Thomas would likely prevail at a hearing on the merits regarding entitlement to the distal clavicle revision.

Turning to Mr. Thomas's request for temporary disability benefits, he must show (1) he became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Temporary total disability benefits are owed until the employee returns to work at regular duty or attains maximum recovery. *Id*. While Mr. Thomas proved that Dr. Saenz took him off work on February 6, 2019, the medical records suggest Dr. Saenz returned him to light-duty work at some point before his August 13, 2019 visit. Without documentation showing when the change in work status occurred, the Court cannot determine the duration of his period of total disability.

Temporary partial disability benefits are due when the treating physician has released the injured worker to return to work with restrictions before maximum medical improvement, and the employer either (1) cannot return the employee to work within the restrictions or (2) cannot provide restricted work for a sufficient number of hours and/or at a rate of pay equal to or greater than the employee's average weekly wage on the date of injury. *Id.* at \*7-8. Mr. Thomas presented no proof regarding these elements of temporary partial disability benefits.

Accordingly, the Court holds that Mr. Thomas would not likely prevail at a hearing on the merits regarding entitlement to either type of temporary disability benefits at this time.

IT IS, THEREFORE, ORDERED as follows:

1.      Thompson shall authorize the distal clavicle revision surgery recommended by Dr. Saenz.

2.      Mr. Thomas's request for past and future temporary disability benefits is denied at this time.

3.      This case is set for a telephonic Status Hearing on **July 6, 2020, at 9:30 a.m. Central Time.** You must call toll-free at 866-943-0014 to participate in the hearing.

ENTERED May 26, 2020.

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

APPENDIX

Technical record:

TR1.  Petition for Benefit Determination
TR2.  Dispute Certification Notice, along with Employer's additional disputed issues
TR3.  Request for Initial Hearing
TR4.  Scheduling Hearing Order
TR5.  Employee's Motion for Continuance
TR6.  Order on Motion for Continuance
TR7.  Employee's Motion and Supporting Memorandum to Compel Surgery Ordered by Authorized Treating Physician and Payment of Outstanding TTD Benefits Which are Due and Owing and for Oral Arguments in Court on Said Motion

TR8. Notice of Filing Deposition of Dr. Jay Saenz
TR9. Employer's Response to Employee's Motion to Compel Surgery Ordered by Authorized Treating Physician and Payment of Outstanding TTD Benefits
TR10. Notice of Filing the July 25, 2019 Deposition of Dr. Jay Saenz
TR11. Request for Expedited Hearing
TR12. Affidavit of Employee – Kenneth Thomas
TR13. Employer's Response to Employee's Request for Expedited Hearing
TR14. Employer's Motion to Continue
TR15. Order on Motion to Continue
TR16. Order Resetting Expedited Hearing
TR17. Amended Order Resetting Expedited Hearing

Exhibits:

1.      Dr. Saenz's July 25, 2019 deposition
2.      Dr. Saenz's January 23, 2020 deposition
3.      Mr. Thomas's affidavit

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on May 26, 2020.

| Name | Certified Mail | U.S. Mail | Email | Service sent to: |
|------|----------------|-----------|-------|------------------|
| Steve Taylor, Employee's Attorney | | | X | staylor@tcmfirm.com |
| Marianna Jablonski, Employer's Attorney | | | X | mjablonski@wimberlylawson.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*